# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DLM & T, INC. D/B/A CHILDREN'S** | § | |
| **CHOICE MONTESSORI,** | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO:** _____ |
| | § | |
| **GREAT AMERICAN INSURANCE** | § | |
| **COMPANY OF NEW YORK,** | § | |
| **CUNNINGHAM LINDSEY U.S. LLC,** | § | |
| **SEDGWICK CLAIMS MANAGEMENT** | § | |
| **SERVICES, INC. F/K/A/ CUNNINGHAM** | § | |
| **LINDSEY U.S. LLC, NICOLE NAPIER,** | § | |
| **NATALIE SMITH,** | § | |
| *Defendants* | § | **JURY DEMANDED** |

## INDEX OF MATTERS BEING FILED

As required by the Local Rules of the United States District Court for the Southern District of Texas, the attached state court docket sheet contains list of documents being filed with the Notice of Removal. *See* "Exhibit A".

Respectfully submitted,

GAUNTT, KOEN, BINNEY & KIDD, LLP

By_____
      W. Chris Surber
      State Bar No. 24064052
25700 I-45 North, Ste 150
Spring, TX 77386
Telephone:    281-367-6555
Facsimile:    281-367-3705
E-Mail: chris.surber@gkbklaw.com
Counsel for Defendant, Great American Insurance
Company of New York

# CASE NO. 19-08-11439

## DLM & T, INC. D/B/A CHILDREN'S CHOICE MONTESSORI VS. GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, CUNNINGHAM LINDSEY U.S. LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. F/K/A CUNNINGHAM LINDSEY U.S., LLC, NICOLE NAPIER, NATALIE SMITH

| Selected Event | Image | Page Count |
|---|---|---|
| 08/21/2019 E-Filed Original Petition Document | Plaintiff's Original Petition | 21 |

| Other Events on This Case | Image | Page Count |
|---|---|---|
| 08/23/2019 Request For Service | Request for Service for Cunningham Lindsey U.S. LLC | 1 |
|  | Citation-Standard to Cunningham Lindsey U.S. LLC | 2 |
| 08/23/2019 Request For Service | Request for Service for Great American Insurance Company of New York | 1 |
|  | Citation-Standard to Great American Insurance Company of New York | 2 |
| 08/23/2019 Request For Service | Request for Service for Natalie Smith | 1 |
|  | Citation-Standard to Natalie Smith | 2 |
|  | Executed Citation to Natalie Smith | 3 |
| 08/23/2019 Request For Service | Request for Service for Nicole Napier | 1 |
|  | Citation - Standard - Non-Resident to Nicole Napier | 2 |
| 08/23/2019 Request For Service | Request for Service for Sedgwick Claims Management Services, Inc | 1 |
|  | Citation-Standard to Sedgwick Claims Management Services, Inc | 2 |
| 09/03/2019 Return of Service | Executed Citation- Great American Insurance Comapny of New York | 3 |
| 09/09/2019 Return of Service | Executed Citation- Sedgwick Claims | 3 |
| 09/09/2019 Return of Service | Excuted Citation- Cunningham Lindsey US LLC | 3 |
| 09/09/2019 Return of Service | Executed Citation to Natalie Smith | 3 |
| 09/27/2019 Answer | Defendant Great American Insurance Company of New York Original Answer | 9 |
| 09/27/2019 Answer | Defendants Cunningham Lindsey U.S. LLC Sedgwick Claims Management, Inc f/k/a Cunningham | 6 |
| 09/30/2019 No Fee Documents | Defendant Great American Insurance Company of New York's Election of Legal Responsibility Under Sect | 3 |
| 09/30/2019 Notice | Notice of Submission on Defendant Great American Insurance Company | 2 |
| 09/30/2019 Motion (No Fee) | Defendant's Motion to Dismiss Cunningham Lindsey U.S. LLC Sedgwick Claims Management Services, | 9 |
| 09/30/2019 Proposed Order | Proposed Order on Defendant's Motion to Dismiss Cunningham Lindsey U.S. LLC Sedgwick Claims | 2 |
| 09/30/2019 Notice | Notice of Submission on Defendant's Motion to Dismiss Cunningham Lindsey U.S. LLC Sedgwick Claims | 2 |
| 10/08/2019 Notice | Notice of Appearance of Counsel | 2 |
| 10/13/2019 Order of Dismissal | Order on Defendant Great American Insurance Company of New York's Election of Legal Responsibility U | 1 |
| 10/13/2019 Partial Dismissal | Order on Defendant Great American Insurance Company of New York's Election of Legal Responsibility U | 1 |
| 10/13/2019 Partial Dismissal | Order on Defendant Great American Insurance Company of New York's Election of Legal Responsibility U | 1 |

| Other Images on This Case | Image | Page Count |
|---|---|---|

Received and E-Filed for Rec
8/21/2019 5:00 I
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Jeff Fi

19-08-11439

CAUSE NO. _____

| | | |
|---|---|---|
| **DLM & T, INC. D/B/A CHILDREN'S CHOICE MONTESSORI,**<br>*Plaintiff,*<br><br>**v.**<br><br>**GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, CUNNINGHAM LINDSEY U.S. LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. F/K/A CUNNINGHAM LINDSEY U.S. LLC, NICOLE NAPIER, NATALIE SMITH,**<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF**<br>Montgomery County - 284th Judicial District Court<br><br>**MONTGOMERY COUNTY, TEXAS**<br><br><br><br><br><br>**_____ JUDICIAL DISTRICT** |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DLM & T, Inc. d/b/a Children's Choice Montessori ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of Great American Insurance Company of New York ("GAIC"), Cunningham Lindsey U.S. LLC ("Cunningham Lindsey"), Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC ("Sedgwick"), Nicole Napier ("Napier"), and Natalie Smith ("Smith") (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in

accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2.   Plaintiff is a Montessori school and daycare operating and/or owning property in Montgomery County, Texas.

3.   Defendant GAIC is a foreign insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Attorney for Service CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201

4.   Defendant Cunningham Lindsey is a domestic adjusting company engaged in the business of adjusting insurance claims in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Registered Agent:  Corporation Service Company d/b/a CSC Lawyers, Inc., 211 East 7th Street, Suite 620, Austin, TX 78701.

5.   Defendant Sedgwick is a foreign adjusting company engaged in the business of adjusting insurance claims in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Registered Agent:  Corporation Service Company d/b/a CSC Lawyers, Inc., 211 East 7th Street, Suite 620, Austin, TX 78701.

6.   Defendant Nicole Napier is an individual residing in and domiciled in the State of Kentucky.  This defendant may be served with personal process by a process server at her place of residence at 10339 Limerick Circle, Covington, KY 41015.

7.   Defendant Natalie Smith is an individual residing in and domiciled in the State of Texas.  This defendant may be served with personal process by a process server at her place of residence at 2350 Bagby St. #11205, Houston, TX 77006.

Page 2

## JURISDICTION

8.　　The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend its petition during and/or after the discovery process.

9.　　The Court has jurisdiction over Defendant GAIC because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

10.　　The Court has jurisdiction over Defendant Cunningham Lindsey because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

11.　　The Court has jurisdiction over Defendant Sedgwick because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

12.　　The Court has jurisdiction over Defendant Napier because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

13.　　The Court has jurisdiction over Defendant Smith because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

**VENUE**

14.    Venue is proper in Montgomery County, Texas, because the insured property is situated in Montgomery County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

**FACTS**

15.    Plaintiff is the owner of a Texas Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by GAIC.

16.    Plaintiff owns the insured property, which is specifically located at 22711 Community Dr., New Caney, Texas 77357, in Montgomery County (hereinafter referred to as "the Property").

17.    GAIC sold the Policy insuring the Property to Plaintiff.

18.    On or about August 26, 2017, Plaintiff's property sustained significant damage as a result of the forces of Hurricane Harvey, including the nearby tornadoes spun from the storm. Hurricane Harvey made landfall on the evening of August 25, 2017, near Rockport, Texas. Maximum sustained winds in Harvey's eyewall were 130 mph at that time, making it a Category 4 hurricane. Harvey was the nation's first major hurricane landfall since Hurricane Wilma struck South Florida in October 2005—that is, the strongest one in twelve (12) years. Rain, including wind-driven rain, was the heaviest from any tropical cyclone in the continental United States. Harvey's slow-moving path across Southeast Texas caused extensive damage—including that of New Caney—with wind, wind-driven rain, and/or other covered perils.

19.    As would be expected in a wind event of this magnitude, Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire property including, but not limited to, the building's ceilings,

walls, insulation, and flooring. Plaintiff's property also sustained substantial structural and exterior damage during the storm, as well as damage to its fence and electrical system. Furthermore, Plaintiff sustained significant damage to its business personal property and contents within the building. Plaintiff also sustained loss to its business income as the result of Hurricane Harvey

20.    Plaintiff submitted a claim to GAIC against the Policy for Business Income, Contents Damage, Roof Damage, Structural Damage, Water Damage, Wind Damage, and Other Structure Damage the Property sustained as a result of Hurricane Harvey.

21.    Plaintiff asked that GAIC cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the gutters, siding and interior water damages to the Property, damage to its fence, and damage to its business personal property pursuant to the Policy. Plaintiff also asked for GAIC to cover Plaintiff's business income loss.

22.    Defendant GAIC assigned Defendant Cunningham Lindsey and/or Defendant Sedgwick to adjust the claim. Defendant Cunningham Lindsey and/or Defendant Sedgwick and/or Defendant GAIC then assigned Defendants Napier and Smith as the individual adjusters on the claim. The adjusters assigned to Plaintiff's claim were improperly trained and failed to perform a thorough investigation of Plaintiff's claim. Specifically, on or about October 6, 2017, Defendant Smith conducted a substandard inspection of Plaintiff's property. For example, Defendant Smith spent an insufficient time inspecting Plaintiff' entire property for windstorm damages, including the time it took to inspect the roof. Furthermore, Defendant Smith made coverage decisions and told Plaintiff which damages specifically would and would not be covered. Specifically, Defendant Smith told Plaintiff that it had

business income loss.  Defendant Smith was neither qualified nor authorized to make coverage determinations.

23.   The inadequacy of Defendant Smith's inspection is further evidenced by her report, which failed to include all of Plaintiff's windstorm damages noted upon inspection.  Specifically, Defendant Smith only included some of Plaintiff's interior damages and completely failed to include the damage to the roof, fence, and electrical system in her report.  Moreover, the damages that Defendant Smith actually included in her report were grossly undervalued. Ultimately, Defendant Smith's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.  Defendant Smith's inadequate investigation was relied upon by Defendants in this action and resulted in Plaintiff's claim being undervalued and underpaid.

24.   Defendant Napier also actively participated in the handling of Plaintiff's claim but failed to conduct a reasonable investigation.  Specifically, she corresponded with Plaintiff regarding their claim in letters regarding its claim, and/or reviewed reports, documents and information regarding the claim.  Moreover, Defendant Napier's letter dated January 25, 2018 fails to give Plaintiff a reasonable explanation for the partial denial of their claim and fails to explain how some of the interior damages are covered, when the damage to Plaintiff's roof is not.  Defendant Napier also misrepresents in this letter that Plaintiff's roof was not damaged by wind.  Ultimately, Defendant Napier failed to thoroughly review Defendant Smith's assessment of the claim and ultimately approved and/or submitted Defendant Smith's inaccurate report of the damages.

25.   Together, Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith set out to deny and/or underpay on properly covered damages.  As a result of this unreasonable

investigation, including the under-scoping of Plaintiff's storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiff's claim was improperly adjusted, and it was denied adequate and sufficient payment to repair its property.  The mishandling of Plaintiff's claim has also caused a delay in its ability to fully repair its property, which has resulted in additional damages.  To date, Plaintiff has yet to receive the full payment to which it is entitled under the Policy.

26.    As detailed in the paragraphs below, Defendant GAIC wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Defendant GAIC underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

27.    To date, Defendant GAIC continues to delay in the payment for the damages to the Property.  As such, Plaintiff has not been paid in full for the damages to its property.

28.    Defendant GAIC failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Defendant GAIC's conduct constitutes a breach of the insurance contract between GAIC and Plaintiff.

29.    Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants GAIC, Cunningham Lindsey,

Sedgwick, Napier, and Smith's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

30. Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

31. Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

32. Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith. Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith's conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

33.   Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith failed to conduct a reasonable investigation. Specifically, Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

34.   Defendant GAIC failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant GAIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

35.   Defendant GAIC failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant GAIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

36.   Defendant GAIC failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's

claim longer than allowed and, to date, Plaintiff has not received full payment for its claim. Defendant GAIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

37.   From and after the time Plaintiff's claim was presented to Defendant GAIC, the liability of Defendant GAIC to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant GAIC has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant GAIC's conduct constitutes a breach of the common law duty of good faith and fair dealing.

38.   Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

39.   As a result of Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

40.   Plaintiff's experience is not an isolated case. The acts and omissions Defendant GAIC committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of GAIC with regard to handling these types of claims. Defendant GAIC's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANTS NAPIER AND SMITH

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

41.   Defendants GAIC and/or Cunningham Lindsey and/or Sedgwick assigned Defendants Napier and Smith to adjust the claim.   Defendants Napier and Smith were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages.   During their investigation, the adjusters failed to properly assess Plaintiff's Hurricane Harvey damages.   The adjusters also omitted covered damages from their report, including the damage to Plaitniff's roof, many of Plaintiff's interior damages, the damage to the fence, and the damage to the electrical system.   In addition, the damages that the adjusters did include in the estimate were severely underestimated.

42.   Defendants Napier's and Smith's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

43.   Defendants Napier and Smith are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of Defendant GAIC, because each is a "person" as defined by TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor."   TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of

action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

44.   Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.  Defendants Napier and Smith's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

45.   Defendants Napier's and Smith's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

46.   Defendants Napier and Smith failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants Napier and Smith failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or

payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff' claim. The unfair settlement practice of Defendants Napier and Smith as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

47.     Defendants Napier and Smith's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

48.     Defendants Napier and Smith did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to Defendant GAIC. Defendants Napier and Smith's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST DEFENDANTS CUNNINGHAM LINDSEY AND SEDGWICK

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

49.     Defendants Cunningham Lindsey and Sedwick's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

50. Defendants Cunningham Lindsey and Sedwick's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

51. Defendants Cunningham Lindsey and Sedwick's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

52. Defendants Cunningham Lindsey and Sedwick's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS CODE §541.060(a)(3).

53. Defendants Cunningham Lindsey and Sedwick's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

54. Defendants Cunningham Lindsey and Sedwick's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

55.   Plaintiff is not making any claims for relief under federal law.

### FRAUD

56.   Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith are liable to Plaintiff for common law fraud.

57.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith knew were false or made recklessly without any knowledge of their truth as a positive assertion.

58.   The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

59.   Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith are liable to Plaintiff for conspiracy to commit fraud.   Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.   In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith committed an unlawful, overt act to further the object or course of action.   Plaintiff suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST GAIC ONLY

60.     Defendant GAIC is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

61.     Defendant GAIC's conduct constitutes a breach of the insurance contract made between GAIC and Plaintiff.

62.     Defendant GAIC's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of GAIC's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

63.     Defendant GAIC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

64.     Defendant GAIC's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

65.     Defendant GAIC's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant GAIC's liability under the Policy was reasonably clear, constitutes an unfair

Page 16

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

66.    Defendant GAIC's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

67.    Defendant GAIC's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

68.    Defendant GAIC's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

69.    Defendant GAIC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

70.    Defendant GAIC's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as

described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

71. Defendant GAIC's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

72. Defendant GAIC's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

73. As referenced and described above, and further conduct throughout this litigation and lawsuit, Cunningham Lindsey, Sedgwick, Napier, and Smith are agents of Defendant GAIC based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

74. Separately, and/or in the alternative, as referenced and described above, Defendant GAIC ratified the actions and conduct of Cunningham Lindsey, Sedgwick, Napier, and Smith including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

75. Defendant GAIC's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

76. Defendant GAIC's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant GAIC knew or should have

known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

77.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

78.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

79.     As previously mentioned, the damages caused by Hurricane Harvey have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants GAIC, Cunningham Lindsey, Sedgwick, Napier, and Smith's mishandling of Plaintiff's claim in violation of the laws set forth above.

80.     For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

81.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

82.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as simple interest on the amount of the claim

as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with attorney's fees. TEX. INS. CODE §542.060.

83. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

84. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

85. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

86. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Montgomery County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

87. *Plaintiff's Request for Disclosure to Defendant Great American Insurance Company* is attached as "Exhibit A."

### REQUESTS FOR PRODUCTION

88.    *Plaintiff's First Request for Production to Defendant Great American Insurance Company is attached as "Exhibit B."*

### INTERROGATORIES

89.    *Plaintiff 's First Set of (Claim Specific) Interrogatories to Defendant Great American Insurance Company is attached as "Exhibit C."*

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**MOSTYN LAW**

*/s/ Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
maddocketefile@mostynlaw.com

**ATTORNEY FOR PLAINTIFF**

Page 21

Received and E-Filed for Rec
8/23/2019 10:19 /
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Megan Shi

# Request for Service

## Montgomery County District Clerk

**CASE NUMBER:** 19-08-11439          **CURRENT COURT:** 284th Judicial District Court

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE of document(s) to be served:** 08/21/2019          **Month/Day/Year**

**SERVICE TO BE ISSUED ON (Please List Exactly as The Name Appears in The Pleading to Be Served):**

**Issue Service to:** Cunningham Lindsey U.S. LLC

**Address of Service:** 211 East 7th Street, Suite 620

**City, State & Zip:** Austin, Texas 78701

**Agent (if applicable):** Corporation Service Company d/b/a CSC Lawyers, Inc.

☐ Check here to have citation addressed to wherever the addressee may be found.

**TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the appropriate box)**

| | | |
|---|---|---|
| ☑ **Citation for Personal Service** | ☐ **Secretary of State Citation ($12.00)** | ☐ **Civil Injunction/TRO** |
| ☐ **Citation by Posting** | ☐ **Highway Commission ($12.00)** | ☐ **Certiorari** |
| ☐ **Citation by Publication** | ☐ **Commissioner of Insurance ($12.00)** | ☐ **Precept** |
| ☐ **Citation Scire Facias** | ☐ **Hague Convention ($16.00)** | ☐ **Subpoena** |
| ☐ **Writ of Garnishment** | ☐ **Capias (not an E-Issuance)** | ☐ **Other (Please** |
| ☐ **Writ of Sequestration** | ☐ **Temporary Restraining Order (Family)** | **Describe)** _____ |
| ☐ **Writ of Attachment** | ☐ **Temporary Ex Parte Protective Order** | _____ |
| ☐ **Writ of Habeas Corpus** | ☐ **Notice of Appl. For Protective Order** | _____ |
| ☐ **Notice of Hearing/Show Cause** | ☐ **Notice of Foreign Judgment (UIFSA)** | **(See additional Forms for** |
| ☐ **Regular Mail (only available for** | ☐ **Notice of Foreign Judgment (UCCJEA)** | **Post Judgment Service)** |
| **Expedited Foreclosures and UIFSA** | **(by certified mail service)** | |
| **Foreign Judgments** | | |

**SERVICE BY: (Check the appropriate box.)**

☑ **E-Issuance by District Clerk (No Service Copy Fees Charged) (Note:) CAPIAS is not an E-Issuance Option**

***Citations returned electronically will be e-served through E-file Texas to requesting attorney/pro se.**

☐ **ATTORNEY PICK-UP (phone or email contact):** _____

☐ **MAIL to attorney at Attorney of Record's address on file in case record.**

☐ **CERTIFIED MAIL by District Clerk**

☐ **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** _____ **Phone:** _____

☐ **OTHER, *explain:*** _____

**Issuance of Service requested by:**

**Attorney/Party Name:** Michael A. Downey          **Bar# or ID:** 24087445

**Mailing Address:** 3810 West Alabama Street, Houston, Texas 77027

**Phone Number:** (713) 714-0000

# CITATION

**Cause Number: 19-08-11439**

**Clerk of the Court**
**Melisa Miller**
**P.O. Box 2985**
**Conroe, Texas 77305**

**Attorney Requesting Service**
**Michael A. Downey**
**3810 W Alabama St**
**Houston TX 77027**

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

**To:**   **Cunningham Lindsey U.S. LLC**
         **Registered Agent Corporation Service Company d/b/a CSC Lawyers Inc**
         **211 East 7th Street Suite 620**
         **Austin TX  78701**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 21st day of August, 2019 numbered 19-08-11439 on the docket of said court, and styled, DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith

The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 23rd day of August, 2019.



**Melisa Miller, District Clerk**
**Montgomery County, Texas**

By: _Lauren Marquis_     Signed: 8/23/2019 02:53 PM
_____
**Lauren Marquis, Deputy**

**OFFICER'S RETURN**
Cause No. 19-08-11439                    Court No: 284th Judicial District Court
Style: DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York,
Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S.,
LLC, Nicole Napier, Natalie Smith
To:            Cunningham Lindsey U.S. LLC
Address:    Registered Agent Corporation Service Company d/b/a CSC Lawyers Inc
              211 East 7th Street Suite 620
              Austin TX 78701

Came to hand the ___day of _____, 20__, at _____ o'clock, and executed in _____ County,
Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of
delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's Original Petition at the following
times and places, to wit:

Name                    Date/Time              Place, Course and distance from Courthouse
_____        _____      _____

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:
_____
And the cause of failure to execute this process is:
_____
And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy        $_____
                                                         _____OFFICER
TOTAL                                  $_____
                                                         _____County, Texas
                                          By: _____, Deputy

AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the
officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must
either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the
statement below in substantially the following form:                   _____
My full name is _____        Declarant/Authorized Process Server
My date of birth is ____/____/____, and my address is        _____
_____.        ID# & Exp. Of Certification
**I DECLARE UNDER PENALTY OF PERJURY THAT THE**
**FOREGOING IS TRUE AND CORRECT**                               SWORN AND SUBSCRIBED ON
Executed in_____, County, State of _____,
on the _____day of _____, 20____.               _____
                                                                              DATE
_____
Declarant/Authorized Process Server
_____                                 _____
ID# & Exp. Of Certification                                           NOTARY

Received & E-Filed for Rec
8/23/2019 10:19 /
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Megan Shit

# Request for Service
## Montgomery County District Clerk

**CASE NUMBER:** 19-08-11439          **CURRENT COURT:** 284th Judicial District Court

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE of document(s) to be served:** 08/21/2019          **Month/Day/Year**

**SERVICE TO BE ISSUED ON (Please List Exactly as The Name Appears in The Pleading to Be Served):**

**Issue Service to:** Great American Insurance Company of New York

**Address of Service:** 1999 Bryan Street, Suite 900

**City, State & Zip:** Dallas, Texas 75201

**Agent (if applicable):** CT Corporation System

☐ Check here to have citation addressed to wherever the addressee may be found.

**TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the appropriate box)**

| | | |
|---|---|---|
| ☑ **Citation for Personal Service** | ☐ **Secretary of State Citation ($12.00)** | ☐ **Civil Injunction/TRO** |
| ☐ **Citation by Posting** | ☐ **Highway Commission ($12.00)** | ☐ **Certiorari** |
| ☐ **Citation by Publication** | ☐ **Commissioner of Insurance ($12.00)** | ☐ **Precept** |
| ☐ **Citation Scire Facias** | ☐ **Hague Convention ($16.00)** | ☐ **Subpoena** |
| ☐ **Writ of Garnishment** | ☐ **Capias (not an E-Issuance)** | ☐ **Other (Please** |
| ☐ **Writ of Sequestration** | ☐ **Temporary Restraining Order (Family)** | **Describe) _____** |
| ☐ **Writ of Attachment** | ☐ **Temporary Ex Parte Protective Order** | _____ |
| ☐ **Writ of Habeas Corpus** | ☐ **Notice of Appl. For Protective Order** | _____ |
| ☐ **Notice of Hearing/Show Cause** | ☐ **Notice of Foreign Judgment (UIFSA)** | **(See additional Forms for** |
| ☐ **Regular Mail (only available for** | ☐ **Notice of Foreign Judgment (UCCJEA)** | **Post Judgment Service)** |
| **Expedited Foreclosures and UIFSA** | **(by certified mail service)** | |
| **Foreign Judgments** | | |

**SERVICE BY: (Check the appropriate box.)**

☑ **E-Issuance by District Clerk (No Service Copy Fees Charged) (Note:) CAPIAS is not an E-Issuance Option**

*\*Citations returned electronically will be e-served through E-file Texas to requesting attorney/pro se.*

☐ **ATTORNEY PICK-UP (phone or email contact):** _____

☐ **MAIL to attorney at Attorney of Record's address on file in case record.**

☐ **CERTIFIED MAIL by District Clerk**

☐ **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** _____ **Phone:** _____

☐ **OTHER, *explain:*** _____

**Issuance of Service requested by:**

**Attorney/Party Name:** Michael A. Downey          **Bar# or ID:** 24087445

**Mailing Address:** 3810 West Alabama Street, Houston, Texas 77027

**Phone Number:** (713) 714-0000

# CITATION

**Cause Number: 19-08-11439**

**Clerk of the Court**
**Melisa Miller**
**P.O. Box 2985**
**Conroe, Texas 77305**

**Attorney Requesting Service**
**Michael A. Downey**
**3810 W Alabama St**
**Houston TX  77027**

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

**To:    Great American Insurance Company of New York**
**Registered Agent CT Corporation System**
**1999 Bryan St Suite 900**
**Dallas TX  75201**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 21st day of August, 2019 numbered 19-08-11439 on the docket of said court, and styled, DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith

The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 23rd day of August, 2019.



**Melisa Miller, District Clerk**
**Montgomery County, Texas**

**By:** _Lauren Marquis_   Signed: 8/23/2019 02:53 PM

**Lauren Marquis, Deputy**

## OFFICER'S RETURN

Cause No. 19-08-11439 Court No: 284th Judicial District Court

Style: DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith

To: Great American Insurance Company of New York

Address: Registered Agent CT Corporation System

1999 Bryan St Suite 900

Dallas TX 75201

Came to hand the ___day of _____, 20__, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's Original Petition at the following times and places, to wit:

| Name | Date/Time | Place, Course and distance from Courthouse |
|------|-----------|--------------------------------------------|
| _____ | _____ | _____ |

Manner of service: _____

*And not executed as to the defendants(s) _____

The diligence used in finding said defendant(s) being:

_____

And the cause of failure to execute this process is:

_____

And information received as to the whereabouts of said defendant(s) being:

_____

FEES:

Serving Petition and Copy      $_____

_____ **OFFICER**

TOTAL      $_____      _____County, Texas

By: _____, Deputy

## AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the statement below in substantially the following form:

My full name is _____

My date of birth is ___/___/____, and my address is

_____.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**

Executed in_____, County, State of _____,

on the _____day of _____, 20_____.

_____

Declarant/Authorized Process Server

_____

ID# & Exp. Of Certification

_____

Declarant/Authorized Process Server

_____

ID# & Exp. Of Certification

SWORN AND SUBSCRIBED ON

_____

DATE

_____

NOTARY

Received and E-Filed for Rec
8/23/2019 10:19 ,
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Megan Shi

# Request for Service
## Montgomery County District Clerk

**CASE NUMBER:** 19-08-11439          **CURRENT COURT:** 284th Judicial District Court

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE of document(s) to be served:** 08/21/2019          **Month/Day/Year**

**SERVICE TO BE ISSUED ON (Please List Exactly as The Name Appears in The Pleading to Be Served):**

**Issue Service to:** Natalie Smith

**Address of Service:** 2350 Bagby Street #11205

**City, State & Zip:** Houston, Texas 77006

**Agent (if applicable):** _____

■ Check here to have citation addressed to wherever the addressee may be found.

**TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the appropriate box)**

| | | |
|---|---|---|
| ■ **Citation for Personal Service** | ☐ **Secretary of State Citation ($12.00)** | ☐ **Civil Injunction/TRO** |
| ☐ **Citation by Posting** | ☐ **Highway Commission ($12.00)** | ☐ **Certiorari** |
| ☐ **Citation by Publication** | ☐ **Commissioner of Insurance ($12.00)** | ☐ **Precept** |
| ☐ **Citation Scire Facias** | ☐ **Hague Convention ($16.00)** | ☐ **Subpoena** |
| ☐ **Writ of Garnishment** | ☐ **Capias (not an E-Issuance)** | ☐ **Other (Please** |
| ☐ **Writ of Sequestration** | ☐ **Temporary Restraining Order (Family)** | **Describe) _____** |
| ☐ **Writ of Attachment** | ☐ **Temporary Ex Parte Protective Order** | _____ |
| ☐ **Writ of Habeas Corpus** | ☐ **Notice of Appl. For Protective Order** | _____ |
| ☐ **Notice of Hearing/Show Cause** | ☐ **Notice of Foreign Judgment (UIFSA)** | **(See additional Forms for** |
| ☐ **Regular Mail (only available for** | ☐ **Notice of Foreign Judgment (UCCJEA)** | **Post Judgment Service)** |
| **Expedited Foreclosures and UIFSA** | **(by certified mail service)** | |
| **Foreign Judgments** | | |

**SERVICE BY: (Check the appropriate box.)**

■ **E-Issuance by District Clerk (No Service Copy Fees Charged) (Note:) CAPIAS is not an E-Issuance Option**
*****Citations returned electronically will be e-served through E-file Texas to requesting attorney/pro se.**

☐ **ATTORNEY PICK-UP (phone or email contact):** _____

☐ **MAIL to attorney at Attorney of Record's address on file in case record.**

☐ **CERTIFIED MAIL by District Clerk**

☐ **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** _____ **Phone:** _____

☐ **OTHER, *explain:*** _____

**Issuance of Service requested by:**

**Attorney/Party Name:** Michael A. Downey          **Bar# or ID:** 24087445

**Mailing Address:** 3810 West Alabama Street, Houston, Texas 77027

**Phone Number:** (713) 714-0000

# CITATION

Cause Number: 19-08-11439

Clerk of the Court                          Attorney Requesting Service
Melisa Miller                               Michael A. Downey
P.O. Box 2985                               3810 W Alabama St
Conroe, Texas 77305                         Houston TX  77027

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:     Natalie Smith
        2350 Bagby St #11205
        Houston TX  77006
        **OR WHEREVER THE ADDRESSEE MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 21st day of August, 2019 numbered 19-08-11439 on the docket of said court, and styled, DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith

The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 23rd day of August, 2019.



Melisa Miller, District Clerk
Montgomery County, Texas

By: _Lauren Marquis_          Signed: 8/23/2019 02:53 PM
_____

Lauren Marquis, Deputy

## OFFICER'S RETURN

Cause No. 19-08-11439     Court No: 284th Judicial District Court

Style: DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith

To:   Natalie Smith
Address:  2350 Bagby St #11205
    Houston TX  77006
    **OR WHEREVER THE ADDRESSEE MAY BE FOUND**

Came to hand the ___day of _____, 20__, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's Original Petition at the following times and places, to wit:

| Name | Date/Time | Place, Course and distance from Courthouse |
|------|-----------|---------------------------------------------|
| _____ | _____ | _____ |

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:
_____

And the cause of failure to execute this process is:
_____

And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy  $_____

TOTAL      $_____

_____**OFFICER**

_____County, Texas

By: _____, Deputy

AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the statement below in substantially the following form:
My full name is _____
My date of birth is ____/____/_____, and my address is
_____.
**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**
Executed in_____, County, State of _____,
on the _____day of _____, 20____.

_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification

_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification

SWORN AND SUBSCRIBED ON

_____
DATE

_____
NOTARY

00.40TC
09.408846

Received and E-Filed for Rec
9/9/2019 2:01
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Patricia Mo

# CITATION

Cause Number: 19-08-11439

Clerk of the Court
Melisa Miller
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Michael A. Downey
3810 W Alabama St
Houston TX 77027

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:   Natalie Smith
      2350 Bagby St #11205
      Houston TX  77006
      OR WHEREVER THE ADDRESSEE MAY BE FOUND

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 21st day of August, 2019 numbered 19-08-11439 on the docket of said court, and styled, DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith

The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 23rd day of August, 2019.



Melisa Miller, District Clerk
Montgomery County, Texas

By: _Lauren Marquis_          Signed: 8/23/2019 02:53 PM

Lauren Marquis, Deputy

## OFFICER'S RETURN

Cause No. 19-08-11439                           Court No: 284th Judicial District Court
Style: DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York,
Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S.,
LLC, Nicole Napier, Natalie Smith
To:          Natalie Smith
Address:     2350 Bagby St #11205
             Houston TX  77006
             **OR WHEREVER THE ADDRESSEE MAY BE FOUND**
Came to hand the ____day of _____, 20___, at _____ o'clock, and executed in _____ County,
Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of
delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's Original Petition at the following
times and places, to wit:

| Name | Date/Time | Place, Course and distance from Courthouse |
|------|-----------|--------------------------------------------|
| _____ | _____ | _____ |

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:

_____
And the cause of failure to execute this process is: _____

_____
And information received as to the whereabouts of said defendant(s) being:_____

_____
FEES:
Serving Petition and Copy        $_____

TOTAL                            $_____                _____OFFICER

                                                           _____County, Texas
                                                    By: _____, Deputy

## AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the
officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must
either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the
statement below in substantially the following form:          _____
My full name is _____
My date of birth is ____/____/_____, and my address is      Declarant/Authorized Process Server

_____            ID# & Exp. Of Certification
**I DECLARE UNDER PENALTY OF PERJURY THAT THE**
**FOREGOING IS TRUE AND CORRECT**                            SWORN AND SUBSCRIBED ON
Executed in_____, County, State of _____,
on the _____day of _____, 20_____.            _____

_____                   DATE
Declarant/Authorized Process Server

_____                   _____
ID# & Exp. Of Certification

                                                           NOTARY

**CAUSE NUMBER: 19-08-11439**

DLM & T, INC. D/B/A CHILDREN'S
CHOICE MONTESSORI
PLAINTIFF

                                       **IN THE 284TH JUDICIAL DISTRICT**

VS.                                    **COURT OF MONTGOMERY COUNTY,**
                                           **TEXAS**

GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK., ET AL
DEFENDANT

**AFFIDAVIT OF SERVICE**

BEFORE ME, the undersigned authority, on this day **ANDREW SCARTH**, personally appeared before me and stated under oath as follows:

My name is **ANDREW SCARTH**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY,  TX 77009, U.S.A.

ON **Friday September 06, 2019 AT 10:57 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A; EXHIBIT B AND EXHIBIT C came to hand for service upon **NATALIE SMITH**.

On **Saturday September 07, 2019 at 10:00 AM** - The above named documents were hand delivered to: **NATALIE SMITH @ 455 WILDWOOD FOREST DR. #2303, SPRING, TX 77380, in Person.**

**FURTHER AFFIANT SAYETH NOT.**

                                         **ANDREW SCARTH**
                                         **PSC#13161 EXP 10/31/19**

**SWORN TO AND SUBSCRIBED** before me by **ANDREW SCARTH** appeared on this ____ 9 ____ day of SEPTEMBER, 2019 to attest witness my hand and seal of office.

                                       **NOTARY PUBLIC IN AND**
                                       **FOR THE STATE OF TEXAS**
                                         2019.09.408846

CLAUDIA LEWIS
Notary Public, State of Texas
Comm. Expires 11-11-2022
Notary ID 125713496

Received and E-Filed for Rec
8/23/2019 10:19 A
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Megan Shif

# Request for Service

## Montgomery County District Clerk

**CASE NUMBER:** 19-08-11439     **CURRENT COURT:** 284th Judicial District Court

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE of document(s) to be served:** 08/21/2019    **Month/Day/Year**

**SERVICE TO BE ISSUED ON (Please List Exactly as The Name Appears in The Pleading to Be Served):**

**Issue Service to:** Nicole Napier

**Address of Service:** 10339 Limerick Circle

**City, State & Zip:** Covington, Kentucky 41015

**Agent (if applicable):**

   ■ Check here to have citation addressed to wherever the addressee may be found.

**TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the appropriate box)**

| | | |
|---|---|---|
| ■ **Citation for Personal Service** | ☐ **Secretary of State Citation ($12.00)** | ☐ **Civil Injunction/TRO** |
| ☐ **Citation by Posting** | ☐ **Highway Commission ($12.00)** | ☐ **Certiorari** |
| ☐ **Citation by Publication** | ☐ **Commissioner of Insurance ($12.00)** | ☐ **Precept** |
| ☐ **Citation Scire Facias** | ☐ **Hague Convention ($16.00)** | ☐ **Subpoena** |
| ☐ **Writ of Garnishment** | ☐ **Capias (not an E-Issuance)** | ☐ **Other (Please** |
| ☐ **Writ of Sequestration** | ☐ **Temporary Restraining Order (Family)** | **Describe)** _____ |
| ☐ **Writ of Attachment** | ☐ **Temporary Ex Parte Protective Order** | _____ |
| ☐ **Writ of Habeas Corpus** | ☐ **Notice of Appl. For Protective Order** | _____ |
| ☐ **Notice of Hearing/Show Cause** | ☐ **Notice of Foreign Judgment (UIFSA)** | **(See additional Forms for** |
| ☐ **Regular Mail (only available for** | ☐ **Notice of Foreign Judgment (UCCJEA)** | **Post Judgment Service)** |
| **Expedited Foreclosures and UIFSA** | **(by certified mail service)** | |
| **Foreign Judgments** | | |

**SERVICE BY: (Check the appropriate box.)**

■ **E-Issuance by District Clerk (No Service Copy Fees Charged) (Note:)** **CAPIAS is not an E-Issuance Option**

*Citations returned electronically will be e-served through E-file Texas to requesting attorney/pro se.

☐ **ATTORNEY PICK-UP (phone or email contact):** _____

☐ **MAIL to attorney at Attorney of Record's address on file in case record.**

☐ **CERTIFIED MAIL by District Clerk**

☐ **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** _____ **Phone:** _____

☐ **OTHER,** *explain:* _____

**Issuance of Service requested by:**

**Attorney/Party Name:** Michael A. Downey    **Bar# or ID:** 24087445

**Mailing Address:** 3810 West Alabama Street, Houston, Texas 77027

**Phone Number:** (713) 714-0000

# NON-RESIDENT CITATION

## Cause Number: 19-08-11439

**CLERK OF THE COURT**

Melisa Miller
P.O. BOX 2985
CONROE, TEXAS 77305

**ATTORNEY REQUESTING THIS SERIVCE**

Michael A. Downey
3810 W Alabama St
Houston TX  77027

# THE STATE OF TEXAS

**NOTICE TO RESPONDENT:** "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To:     Nicole Napier
        10339 Limerick Circle
        Covington KY  41015
        **OR WHEREVER THE ADDRESSEE MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the 284th Judicial District Court at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 21st day of August, 2019, in this case, numbered 19-08-11439 on the docket of said court, and styled,

DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith

The nature of plaintiff's demand is fully shown by a true and correct copy of  Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 23rd day of August, 2019

Melisa Miller, District Clerk
Montgomery County, Texas

By: _____     Signed: 8/23/2019 02:53 PM

Lauren Marquis, Deputy

# OFFICER'S RETURN

**Cause No: 19-08-11439**
**Court No: 284th Judicial District Court**
**Style: DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith**
**TO: Nicole Napier**
**Address for Service: 10339 Limerick Circle**
**Covington KY  41015**
**OR WHEREVER THE ADDRESSEE MAY BE FOUND**
Came to hand the ___day of _____, 20__, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition , at the following times and places, to wit:

| Name | Date/Time | Place, Course and distance from Courthouse |
|------|-----------|--------------------------------------------|
| _____ | _____ | _____ |

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being: _____
_____
And the cause of failure to execute this process is: _____
_____
And information received as to the whereabouts of said defendant(s) being: _____
_____

FEES:
Serving Petition and Copy       $_____

TOTAL                           $_____          _____OFFICER

                                          _____County, Texas

                                          By: _____, Deputy

## AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the statement below in substantially the following form:
My full name is _____
My date of birth is ____/____/_____, and my address is
_____.
**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**
Executed in_____, County, State of _____, on the _____day of _____, 20____.

_____
Declarant/Authorized Process Server
_____
ID# & Exp. Of Certification

_____
Declarant/Authorized Process Server
_____
ID# & Exp. Of Certification

SWORN AND SUBSCRIBED ON

_____
DATE

_____
NOTARY

Received and E-Filed for Rec
8/23/2019 10:19 /
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Megan Shi



# Request for Service
## Montgomery County District Clerk

**CASE NUMBER:** 19-08-11439          **CURRENT COURT:** 284th Judicial District Court

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE of document(s) to be served:** 08/21/2019          **Month/Day/Year**

**SERVICE TO BE ISSUED ON (Please List Exactly as The Name Appears in The Pleading to Be Served):**

**Issue Service to:** Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC

**Address of Service:** 211 East 7th Street, Suite 620

**City, State & Zip:** Austin, Texas 78701

**Agent (if applicable):** Corporation Service Company d/b/a CSC Lawyers, Inc.

☐ Check here to have citation addressed to wherever the addressee may be found.

**TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the appropriate box)**

| | | |
|---|---|---|
| ■ **Citation for Personal Service** | ☐ **Secretary of State Citation ($12.00)** | ☐ **Civil Injunction/TRO** |
| ☐ **Citation by Posting** | ☐ **Highway Commission ($12.00)** | ☐ **Certiorari** |
| ☐ **Citation by Publication** | ☐ **Commissioner of Insurance ($12.00)** | ☐ **Precept** |
| ☐ **Citation Scire Facias** | ☐ **Hague Convention ($16.00)** | ☐ **Subpoena** |
| ☐ **Writ of Garnishment** | ☐ **Capias (not an E-Issuance)** | ☐ **Other (Please** |
| ☐ **Writ of Sequestration** | ☐ **Temporary Restraining Order (Family)** | **Describe)** _____ |
| ☐ **Writ of Attachment** | ☐ **Temporary Ex Parte Protective Order** | _____ |
| ☐ **Writ of Habeas Corpus** | ☐ **Notice of Appl. For Protective Order** | _____ |
| ☐ **Notice of Hearing/Show Cause** | ☐ **Notice of Foreign Judgment (UIFSA)** | **(See additional Forms for** |
| ☐ **Regular Mail (only available for** | ☐ **Notice of Foreign Judgment (UCCJEA)** | **Post Judgment Service)** |
| **Expedited Foreclosures and UIFSA** | **(by certified mail service)** | |
| **Foreign Judgments** | | |

**SERVICE BY: (Check the appropriate box.)**

■ **E-Issuance by District Clerk (No Service Copy Fees Charged) (Note:) CAPIAS is not an E-Issuance Option**

*Citations returned electronically will be e-served through E-file Texas to requesting attorney/pro se.

☐ **ATTORNEY PICK-UP (phone or email contact):** _____

☐ **MAIL to attorney at Attorney of Record's address on file in case record.**

☐ **CERTIFIED MAIL by District Clerk**

☐ **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** _____ **Phone:** _____

☐ **OTHER, explain:** _____

**Issuance of Service requested by:**

**Attorney/Party Name:** Michael A. Downey          **Bar# or ID:** 24087445

**Mailing Address:** 3810 West Alabama Street, Houston, Texas 77027

**Phone Number:** (713) 714-0000

# CITATION

Cause Number: 19-08-11439

| | |
|---|---|
| **Clerk of the Court** | **Attorney Requesting Service** |
| Melisa Miller | Michael A. Downey |
| P.O. Box 2985 | 3810 W Alabama St |
| Conroe, Texas 77305 | Houston TX 77027 |

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:  Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC
Registered Agent Corporation Service Company d/b/a CSC Lawyers Inc
211 East 7th Street Suite 620
Austin TX  78701

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 23rd day of August, 2019 numbered 19-08-11439 on the docket of said court, and styled, DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith

The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 23rd day of August, 2019.



Melisa Miller, District Clerk
Montgomery County, Texas

By: _Lauren Marquis_          Signed: 8/23/2019 02:54 PM

Lauren Marquis, Deputy

## OFFICER'S RETURN

**Cause No. 19-08-11439**                              **Court No:** 284th Judicial District Court
**Style: DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith**
**To:**          Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC
**Address:**     Registered Agent Corporation Service Company d/b/a CSC Lawyers Inc
                 211 East 7th Street Suite 620
                 Austin TX 78701

Came to hand the ____day of _____, 20___, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following times and places, to wit:

**Name**              **Date/Time**              **Place, Course and distance from Courthouse**
_____      _____      _____

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:
_____

And the cause of failure to execute this process is:
_____

And information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy      $_____

                                                     _____**OFFICER**

**TOTAL**                      $_____
                                              _____**County, Texas**

                                      **By:** _____, **Deputy**

## AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the statement below in substantially the following form:
My full name is _____
My date of birth is ____/____/____, and my address is
_____.
**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**
Executed in_____, County, State of _____,
on the _____day of _____, 20_____.

_____
Declarant/Authorized Process Server
_____
ID# & Exp. Of Certification

_____
**Declarant/Authorized Process Server**
_____
**ID# & Exp. Of Certification**

**SWORN AND SUBSCRIBED ON**

_____
**DATE**

_____
**NOTARY**

OX. 4410

Received and E-Filed for Rec
9/3/2019 11:15:
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Megan Shil

# CITATION

Cause Number: 19-08-11439

Clerk of the Court                           Attorney Requesting Service
Melisa Miller                                Michael A. Downey
P.O. Box 2985                                3810 W Alabama St
Conroe, Texas 77305                          Houston TX 77027

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:   Great American Insurance Company of New York
      Registered Agent CT Corporation System
      1999 Bryan St Suite 900
      Dallas TX 75201

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 21st day of August, 2019 numbered 19-08-11439 on the docket of said court, and styled, DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 23rd day of August, 2019.



Melisa Miller, District Clerk
Montgomery County, Texas

By: _Lauren Marquis_   Signed: 8/23/2019 02:53 PM

Lauren Marquis, Deputy

## OFFICER'S RETURN

Cause No. 19-08-11439                      Court No: 284th Judicial District Court
Style: DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York,
Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S.,
LLC, Nicole Napier, Natalie Smith
To:          Great American Insurance Company of New York
Address:     Registered Agent CT Corporation System
             1999 Bryan St Suite 900
             Dallas TX 75201

Came to hand the ___day of _____, 20___, at _____ o'clock, and executed in _____ County,
Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of
delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's Original Petition at the following
times and places, to wit:

Name                 Date/Time          Place, Course and distance from Courthouse
_____      _____    _____
                                         
Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:
_____
And the cause of failure to execute this process is:
_____
And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy      $_____

                                                   _____OFFICER
TOTAL                          $_____
                                                   _____County, Texas
                                         By: _____, Deputy

## AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the
officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must
either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the
statement below in substantially the following form:
My full name is _____
My date of birth is ____/____/____, and my address is
_____
I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT
Executed in_____, County, State of _____,
on the _____day of_____, 20____.

_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification

_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification

SWORN AND SUBSCRIBED ON

_____
DATE

_____
NOTARY

**CAUSE NUMBER: 19-08-11439**

DLM & T, INC. D/B/A CHILDREN'S
CHOICE MONTESSORI
PLAINTIFF

                                    IN THE 284TH JUDICIAL DISTRICT
VS.                                  COURT OF MONTGOMERY COUNTY,
                                    TEXAS

GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK., ET AL
DEFENDANT

**AFFIDAVIT OF SERVICE**

BEFORE ME, the undersigned authority, on this day **D'ANN WATHEN**, personally appeared before me and stated under oath as follows:

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Monday August 26, 2019 AT 11:00 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, **EXHIBIT A; EXHIBIT B AND EXHIBIT C** came to hand for service upon **GREAT AMERICAN INSURANCE COMPANY OF NEW YORK BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**.

On **Thursday August 29, 2019 at 12:31 PM** - The above named documents were hand delivered to: **GREAT AMERICAN INSURANCE COMPANY OF NEW YORK BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM @ 1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201, in Person**, by delivering to Terri Thongsavit, designated agent.

**FURTHER AFFIANT SAYETH NOT.**

                                    **D'ANN WATHEN**
                                    **PSC#6622 EXP 06/30/19**

**SWORN TO AND SUBSCRIBED** before me by **D'ANN WATHEN** appeared on this ___30th___ day of AUGUST, 2019 to attest witness my hand and seal of office.

                                    **NOTARY PUBLIC IN AND**
                                    **FOR THE STATE OF TEXAS**
                                    2019.08.404520

DAVID SHANE GEBHARDT
Notary Public, State of Texas
Comm. Expires 01-09-2020
Notary ID 126917619

# CITATION

Cause Number: 19-08-11439

Clerk of the Court
Melisa Miller
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Michael A. Downey
3810 W Alabama St
Houston TX 77027

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:   Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC
Registered Agent Corporation Service Company d/b/a CSC Lawyers Inc
211 East 7th Street Suite 620
Austin TX 78701

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 23rd day of August, 2019 numbered 19-08-11439 on the docket of said court, and styled, DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 23rd day of August, 2019.



Melisa Miller, District Clerk
Montgomery County, Texas

By: _Lauren Marquis_          Signed: 8/23/2019 02:54 PM

Lauren Marquis, Deputy

## OFFICER'S RETURN

Cause No. 19-08-11439                    Court No: 284th Judicial District Court

Style: DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith

To:        Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC

Address:   Registered Agent Corporation Service Company d/b/a CSC Lawyers Inc
           211 East 7th Street Suite 620
           Austin TX  78701

Came to hand the ___ day of _____, 20___, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's Original Petition at the following times and places, to wit:

Name                     Date/Time           Place, Course and distance from Courthouse

_____    _____    _____

Manner of service:  _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being: _____

And the cause of failure to execute this process is: _____

And information received as to the whereabouts of said defendant(s) being: _____
_____

FEES:
Serving Petition and Copy        $_____

TOTAL                            $_____        _____OFFICER

                                                 _____County, Texas

                                         By: _____, Deputy

## AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the statement below in substantially the following form:

My full name is _____

My date of birth is ___/___/___, and my address is _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Executed in_____, County, State of _____,

on the _____ day of _____, 20____.

_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification

_____
Declarant/Authorized Process Server

ID# & Exp. Of Certification

SWORN AND SUBSCRIBED ON

_____
DATE

_____
NOTARY

## CAUSE NUMBER: 19-08-11439

**DLM & T, INC. D/B/A CHILDREN'S**
**CHOICE MONTESSORI**
**PLAINTIFF**

                                    **IN THE 284TH JUDICIAL DISTRICT**
**VS.**                             **COURT OF MONTGOMERY COUNTY,**
                                      **TEXAS**

**GREAT AMERICAN INSURANCE**
**COMPANY OF NEW YORK., ET AL**
**DEFENDANT**

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **D'ANN WATHEN**, personally appeared before me and stated under oath as follows:

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY,  TX 77009, U.S.A.

ON **Monday August 26, 2019 AT 10:45 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A; EXHIBIT B AND EXHIBIT C came to hand for service upon **SEDGWICK CLAIMS MANAGEMENT SERVICES, INC F/K/A CUNNINGHAM LINDSEY U.S., LLC REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS INC..**

On **Friday August 30, 2019 at 12:47 PM** - The above named documents were hand delivered to: **SEDGWICK CLAIMS MANAGEMENT SERVICES, INC F/K/A CUNNINGHAM LINDSEY U.S., LLC REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS INC. @ 211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, in Person.** by delivering to Vanessa Hernandez, designated agent.

**FURTHER AFFIANT SAYETH NOT.**

**D'ANN WATHEN**
**PSC#6622 EXP 06/30/21**

**SWORN TO AND SUBSCRIBED** before me by **D'ANN WATHEN** appeared on this _____ day of SEPTEMBER, 2019 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2019.08.404511

CHRISTOPHER S WATHEN
Notary Public, State of Texas
Comm. Expires 04-16-2023
Notary ID 10486976

Received and E-Filed for Rec
9/9/2019 9:07 ,
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Megan Shit

# CITATION

Cause Number: 19-08-11439

Clerk of the Court                         Attorney Requesting Service
Melisa Miller                              Michael A. Downey
P.O. Box 2985                              3810 W Alabama St
Conroe, Texas 77305                        Houston TX  77027

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:    Cunningham Lindsey U.S. LLC
       Registered Agent Corporation Service Company d/b/a CSC Lawyers Inc
       211 East 7th Street Suite 620
       Austin TX  78701

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 21st day of August, 2019 numbered 19-08-11439 on the docket of said court, and styled, DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith

The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 23rd day of August, 2019.



Melisa Miller, District Clerk
Montgomery County, Texas

By: _Lauren Marquis_        Signed: 8/23/2019 02:53 PM
Lauren Marquis, Deputy

**OFFICER'S RETURN**
Cause No. 19-08-11439                    Court No: 284th Judicial District Court
Style: DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith
To:          Cunningham Lindsey U.S. LLC
Address:    Registered Agent Corporation Service Company d/b/a CSC Lawyers Inc
             211 East 7th Street Suite 620
             Austin TX  78701

Came to hand the ___day of _____, 20__, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's Original Petition at the following times and places, to wit:

Name                Date/Time           Place, Course and distance from Courthouse
_____       _____         _____

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being: _____

And the cause of failure to execute this process is: _____

And information received as to the whereabouts of said defendant(s) being: _____

FEES:
Serving Petition and Copy        $_____

TOTAL                            $_____        _____OFFICER
                                                   _____County, Texas
                                          By: _____, Deputy

**AFFIANT**
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the
statement below in substantially the following form:
My full name is _____
My date of birth is ____/____/_____, and my address is
_____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT
Executed in_____, County, State of _____,
on the _____day of _____, 20_____.

_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification

_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification

SWORN AND SUBSCRIBED ON

_____

DATE

_____

NOTARY

## CAUSE NUMBER: 19-08-11439

**DLM & T, INC. D/B/A CHILDREN'S**
**CHOICE MONTESSORI**
**PLAINTIFF**

**VS.**

**GREAT AMERICAN INSURANCE**
**COMPANY OF NEW YORK., ET AL**
**DEFENDANT**

**IN THE 284TH JUDICIAL DISTRICT**
**COURT OF MONTGOMERY COUNTY,**
**TEXAS**

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **D'ANN WATHEN**, personally appeared before me and stated under oath as follows:

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Monday August 26, 2019 AT 11:02 AM** - THE STATE OF TEXAS ORIGINAL PETITION-DISCLOSURES CITATION, CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A; EXHIBIT B AND EXHIBIT C came to hand for service upon **CUNNINGHAM LINDSEY U.S. LLC BY SERVING ITS REGISTERD AGENT CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS INC.**

On **Friday August 30, 2019** at **12:47 PM** - The above named documents were hand delivered to: **CUNNINGHAM LINDSEY U.S. LLC BY SERVING ITS REGISTERD AGENT CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS INC @ 211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, in Person.** by delivering to Vanessa Hernandez, designated agent.

**FURTHER AFFIANT SAYETH NOT.**

_____

**D'ANN WATHEN**
**PSC#6622 EXP 06/30/21**

**SWORN TO AND SUBSCRIBED** before me by **D'ANN WATHEN** appeared on this ____ day of SEPTEMBER, 2019 to attest witness my hand and seal of office

_____

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2019.08.404523

CHRISTOPHER S WATHEN
Notary Public, State of Texas
Comm. Expires 04-15-2023
Notary ID 10486976

Received and E-Filed for Rec
9/9/2019 2:01 |
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Patricia Mo

00. 401
09. 408846

# CITATION

Cause Number: 19-08-11439

Clerk of the Court
Melisa Miller
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Michael A. Downey
3810 W Alabama St
Houston TX 77027

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:   Natalie Smith
2350 Bagby St #11205
Houston TX  77006
OR WHEREVER THE ADDRESSEE MAY BE FOUND

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 21st day of August, 2019 numbered 19-08-11439 on the docket of said court, and styled, DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S., LLC, Nicole Napier, Natalie Smith

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 23rd day of August, 2019.



Melisa Miller, District Clerk
Montgomery County, Texas

By: _Lauren Marquis_    Signed: 8/23/2019 02:53 PM

Lauren Marquis, Deputy

**OFFICER'S RETURN**

Cause No. 19-08-11439                          Court No: 284th Judicial District Court

Style: DLM & T, inc. d/b/a Children's Choice Montessori VS. Great American Insurance Company of New York,
Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S.,
LLC, Nicole Napier, Natalie Smith

To:          Natalie Smith
Address:     2350 Bagby St #11205
             Houston TX  77006
             **OR WHEREVER THE ADDRESSEE MAY BE FOUND**

Came to hand the ____ day of _____, 20__, at _____ o'clock, and executed in _____ County,
Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of
delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's Original Petition at the following
times and places, to wit:

Name                 Date/Time           Place, Course and distance from Courthouse
_____          _____         _____

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:
_____
And the cause of failure to execute this process is: _____
_____
And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy       $_____

TOTAL                           $_____     _____OFFICER

                                                _____County, Texas

                                   By: _____, Deputy

**AFFIANT**

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the
officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must
either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the
statement below in substantially the following form:
My full name is _____         _____
My date of birth is ____/____/____, and my address is   Declarant/Authorized Process Server
_____           _____
**I DECLARE UNDER PENALTY OF PERJURY THAT THE**         ID# & Exp. Of Certification
**FOREGOING IS TRUE AND CORRECT**
Executed in_____, County, State of _____,   SWORN AND SUBSCRIBED ON
on the _____ day of _____, 20____.
                                                        _____
                                                        DATE
_____
Declarant/Authorized Process Server
_____
ID# & Exp. Of Certification                             _____
                                                        NOTARY

CAUSE NUMBER: 19-08-11439

DLM & T, INC. D/B/A CHILDREN'S
CHOICE MONTESSORI
PLAINTIFF

IN THE 284TH JUDICIAL DISTRICT
COURT OF MONTGOMERY COUNTY,
TEXAS

VS.

GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK., ET AL
DEFENDANT

AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **ANDREW SCARTH**, personally appeared before me and stated under oath as follows:

My name is **ANDREW SCARTH**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Friday September 06, 2019 AT 10:57 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, **EXHIBIT A; EXHIBIT B AND EXHIBIT C** came to hand for service upon **NATALIE SMITH**.

On **Saturday September 07, 2019 at 10:00 AM** - The above named documents were hand delivered to: **NATALIE SMITH @ 455 WILDWOOD FOREST DR. #2303, SPRING, TX 77380, in Person.**

**FURTHER AFFIANT SAYETH NOT.**

**ANDREW SCARTH**
**PSC#13161 EXP 10/31/19**

**SWORN TO AND SUBSCRIBED** before me by **ANDREW SCARTH** appeared on this ___9___ day of SEPTEMBER, 2019 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND**
**FOR THE STATE OF TEXAS**
2019.09.408846

CLAUDIA LEWIS
Notary Public, State of Texas
Comm. Expires 11-11-2022
Notary ID 125713496

Received E-Filed for Rec
9/27/2019 12:00 i
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Vanessa Med

## CAUSE NO. 19-08-11439

| | | |
|---|---|---|
| **DLM & T, INC. D/B/A CHILDREN'S CHOICE MONTESSORI,** *Plaintiff* | § § § § | **IN THE DISTRICT COURT** |
| **V.** | § § | **MONTGOMERY COUNTY, TEXAS** |
| **GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, CUNNINGHAM LINDSEY U.S. LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. F/K/A/ CUNNINGHAM LINDSEY U.S. LLC, NICOLE NAPIER, NATALIE SMITH,** *Defendants* | § § § § § § § § § | **284th JUDICIAL DISTRICT** |

### DEFENDANT GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Great American Insurance Company of New York (hereinafter "Great American" and/or "Defendant"), which files this Original Answer to the Plaintiff's Original Petition. In support hereof, Defendant would respectfully show this Honorable Court as follows:

1. Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and upon trial of this case will require Plaintiff to prove each and every allegation asserted against Defendant by a preponderance of the evidence, as is required by the laws of this State of Texas and the Constitution of the United States.

2. Plaintiff has failed to state any claim against Defendant upon which relief can be granted.

3. Defendant denies that it has, in any manner, breached any contract with Plaintiff.

4. Defendant denies that it has, at any time, in any way breached any duty of good faith and fair dealing owed to Plaintiff.

5.      Defendant denies that it has violated any provision of Article 541 of the Texas Insurance Code in the handling of Plaintiff's claim for insurance proceeds.

6.      Defendant denies that it has violated any provision of Article 542 of the Texas Insurance Code in the handling of Plaintiff's claim for insurance proceeds.

7.      Defendant denies that it has, in any manner, violated any fiduciary duty or responsibility it may owe or have owed to Plaintiff with regard to the investigation, handling and determination of Plaintiff's claim for insurance proceeds.

8.      Defendant specifically denies that it acted in bad faith in the handling of Plaintiff's claim for insurance proceeds.

9.      Defendant specifically denies Plaintiff's allegations that Defendant knowingly, intentionally, and/or recklessly did unconscionable acts or omissions in the investigation of Plaintiff's claim.

10.      Defendant denies that it has violated any provision of the Texas Insurance Code and/or the Texas Deceptive Trade Practices Act in the investigation of Plaintiff's claim.

11.      Defendant denies that it has, in any manner, acted fraudulently or with malice with respect to Plaintiff's claim.

12.      Defendant denies that Plaintiff is entitled to recover attorney's fees, as there has been no breach of the insurance contract issued by Defendant by virtue of the handling of Plaintiff's claim for insurance benefits.  In addition, Defendant has not violated any statutory or regulatory obligation it may have to Plaintiff that would give rise to a claim for recovery of attorney's fees.

13.      Defendant would further show that Plaintiff's actions brought pursuant to the Texas Insurance Code are groundless and brought in bad faith, or in the alternative, brought for purposes

of harassment. As such, Plaintiff is in violation of Article 541 of the Texas Insurance Code and Defendant is, therefore, entitled to recover its reasonable and necessary attorney's fees.

14.     Defendant invokes the legal doctrine allowing it, as appropriate, a percentage credit, offsetting a reduction of liability and damages, if any, against any judgment ultimately rendered in this matter for that amount it has previously paid to Plaintiff for damages incurred as a result of the loss that allegedly occurred at the insured location.

15.     An award of exemplary damages against Defendant would violate the substantive and procedural due process provisions of the Texas and United States Constitutions, as well as the open courts and excessive fines provision of the Texas Constitution. Moreover, as a matter of state and federal constitutional law and/or sound public policy, any finding in support of an award of exemplary damages must be based upon clear and convincing evidence, not a mere preponderance of the evidence.

16.     Defendant pleads that the provisions of Chapter 41 of the Texas Civil Practices and Remedies Code are applicable and which govern, limit, cap, and otherwise apply to the exemplary damages, if any, that Plaintiff may seek or attempt to recover.

17.     Defendant denies that it is liable for common law fraud. Defendant denies that it made representations to Plaintiff concerning material facts that Defendant knew were false or made recklessly without any knowledge of the truth. Defendant denies that it made false representations to Plaintiff with the intention that the alleged false representations be relied on by Plaintiff. Defendant denies that the allegedly false representations caused Plaintiff to suffer injury.

18.     Defendant denies that it is liable for conspiracy to commit fraud. Defendant denies that it was a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.

19.     Defendant specifically denies that it caused Plaintiff mental anguish in the handling of any claims for insurance proceeds made by Plaintiff.  Defendant would show that Plaintiff, a corporation, cannot experience mental anguish.  *See Huddleston v. Pace*, 790 S.W.2d 47, 52 (Tex. App.—San Antonio 1990, writ denied).  An award of mental anguish damages to a corporation would therefore be improper.

20.     Defendant specifically denies that it caused Plaintiff emotional distress in the handling of any claims for insurance proceeds made by Plaintiff.  Defendant would show that Plaintiff, a corporation, cannot experience emotional distress. *See Huddleston v. Pace*, 790 S.W.2d 47, 52 (Tex. App.—San Antonio 1990, writ denied).  An award of emotional distress damages to a corporation would therefore be improper.

<u>**AFFIRMATIVE DEFENSES**</u>

21.     Great American affirmatively pleads that coverage for damages alleged by Plaintiff under the policy issued to Plaintiff by Great American Insurance Company of New York, which forms the basis of this lawsuit, is excluded and/or limited by the terms and conditions of the policy issued to the Plaintiff by Great American.  Great American specifically pleads that the policy issued to Plaintiff by Great American Insurance Company of New York, policy no. MAC 1527852 00 00, contains the following relevant provisions which apply to Plaintiff's claim:

**SELECT BUSINESS POLICY**
**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**
**SB 86 02 (Ed. 02 15)**

**A.      Coverage**

We will pay for direct physical loss of or damage to Covered Property shown in the Declarations caused by or resulting from any Covered Cause of Loss.

\* \* \*

---

**B.**     **Covered Causes of Loss**

Covered Causes of Loss means Risks of Direct Physical Loss unless loss is:

**1.**     excluded in Section **C. Exclusions**; or

**2.**     limited in Section **D. Limitations**;

that follow.

**C.**     **Exclusions**

**1.**     We will not pay for loss or damaged caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

        * * *

**g.**     **Water**

**(1)**     Flood, surface water, waves (including tidal wave and tsunami) tides, tidal water, overflow of any body of water, or spray, by any of these all whether driven by wind or not.

**(2)**     Mudslide or mudflow.

**(3)**     Water under the ground surface pressing on, or flowing or seeping through:

**(a)**     foundations, walls, floors or paved surfaces;

**(b)**     basements, whether paved or not; or

**(c)**     doors, windows or other openings; or

**(4)**     Waterborne material carried or otherwise moved by any of the water referred to in paragraph **(1)** or **(3)**, or material carried or otherwise moved by mudslide or mudflow.

This exclusion applies regardless of whether any of the above, in paragraphs **(1)** through **(4)**, is caused by an act of

nature, man-made or is otherwise caused.  An example of a situation to which this exclusion applies is the situation where a dam, levee, seawall or other boundary or containment system fails in whole or in part, for any reason, to contain the water.

But if Water, as described in para- graphs **g.(1)** through **g.(4)** above results in fire, explosion, theft or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion, theft or sprinkler leakage.

This exclusion does not apply to Covered Personal Property in due course of transit.

* * *

2.    We will not pay for loss or damage caused by or resulting from any of the following:

* * *

    **d.**    **(1)**    wear and tear;

            **(2)**    rust, or other corrosion, decay, deterioration, spoilage, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

            * * *

But if an excluded cause of loss that is listed in **2.d (1)** through **(8)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

* * *

3.    We will not pay for loss or damage caused by or resulting from any of the following **3.a.** through **3.c.**  But if an excluded Cause of Loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

* * *

    **c.**    Faulty, inadequate or defective:

**(1)**     planning, zoning, development, surveying, siting;

**(2)**     design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

**(3)**     materials used in repair, construction, renovation or remodeling; or

**(4)**     maintenance;

of part or all of any property on or off the described location.

\* \* \*

**D.     Limitations**

\* \* \*

**4.**     We will not pay more than $10,000 for loss or damage to the interior of any building or structure or to the contents in the building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

**a.**     the building or structure first sustains damage by a Covered Cause of Loss to its roof, excluding temporary coverings, or walls through which the rain, snow, sleet, ice, sand or dust enters; or

**b.**     the loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

\* \* \* \*

22.     Defendant affirmatively pleads that Plaintiff has failed to mitigate its alleged damages herein as required under applicable law and, therefore, any such claims or causes of action are barred to that extent.  Therefore, even if Defendant is found to be liable, which Defendant adamantly disputes, Defendant is entitled to a reduction in damages, if any should be found, as a result of Plaintiff's failure, if any, to mitigate the damages which it has alleged.

23.     Pleading further and subject to the foregoing, without waiving same, Defendant affirmatively plead that Plaintiff cannot segregate the damages, if any, caused by wear and tear, age, deterioration, and/or lack of maintenance, from the damages, if any, that it claims or contends was caused by the incident in question.

24.     Pleading further and subject to the foregoing, without waiving same, Defendant specifically pleads that, where a covered and non-covered peril combine to cause Plaintiff's alleged damages, Plaintiff must segregate its alleged damages and prove the damages attributable solely to the covered peril.  Defendant requires Plaintiff to segregate its alleged damages and prove the damages attributable solely to the alleged covered cause of loss.

25.     Pleading further and subject to the foregoing, without waiving same, Defendant affirmatively pleads that Plaintiff cannot prove that the incident in question caused a covered cause of loss to the roof of the property.  Defendant denies the incident in question caused wind damage to the roof of the property.

## **REQUEST FOR DISCLOSURES**

26.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within 30 days of the service of this request, the information or material described in Rule 194 (a) through (l).

## **PRAYER**

For these reasons, Defendant Great American Insurance Company of New York respectfully files this Original Answer and Requests for Disclosure, and therefore prays for a take nothing judgment, for all its costs, and for all other relief to which it may show itself to be justly entitled.

Respectfully submitted,

GAUNTT, KOEN, BINNEY & KIDD, LLP

By_____
      W. Chris Surber
      State Bar No. 24064052
25700 I-45 North, Ste 150
Spring, TX 77386
Telephone:    281-367-6555
Facsimile:    281-367-3705
E-Mail: chris.surber@gkbklaw.com
Counsel for Defendant,
Great American Insurance Company of New York

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on September 27, 2019

Mr. Michael A. Downey
Mostyn Law
3810 West Alabama Street
Houston, Texas 77027
Telephone: 713-714-0000
Facsimile: 713-714-1111
E-Mail: madowney@mostynlaw.com
*Attorneys for Plaintiff*

_____
W. Chris Surber

Received 9/2 E-Filed for Rec
9/27/2019 2:46 l
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Vanessa Med

## CAUSE NO. 19-08-11439

| | | |
|---|---|---|
| DLM & T, INC. D/B/A CHILDREN'S CHOICE MONTESSORI, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| vs. | § | MONTGOMFERY COUNTY, TEXAS |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| CUNNINGHAM LINDSEY U.S. LLC, | § | |
| SEDGWICK CLAIMS | § | |
| MANAGEMENT SERVICES, INC. | § | |
| F/K/A CUNNINGHAM LINDSEY U.S. | § | |
| LLC, NICOLE NAPIER, NATALIE | § | |
| SMITH, | § | |
| *Defendants.* | § | 284TH JUDICIAL DISTRICT |

## DEFENDANTS CUNNINGHAM LINDSEY U.S. LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. F/K/A CUNNINGHAM LINDSEY U.S. LLC, AND NATALIE SMITH'S ORIGINAL ANSWER

Defendants CUNNINGHAM LINDSEY U.S. LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., F/K/A CUNNINGHAM LINDSEY U.S. LLC, and NATALIE SMITH (collectively "Defendants") file their Original Answer to the Petition of DLM & T, INC. D/B/A CHILDREN'S CHOICE MONTESSORI ("Plaintiff"), and in support thereof, respectfully shows as follows:

### I.   GENERAL DENIAL

1.       Under Rule 92 of the Texas Rules of Civil Procedure, Defendants assert a general denial to the entirety of Plaintiff's Original Petition, and any supplemental or amended petitions, and each and every allegation, claim, and/or cause of action asserted in those petitions. Defendants respectfully request the Court and Jury require Plaintiff to prove its claims, charges and allegations by a preponderance of the evidence and/or clear and convincing evidence according to the

Constitutions of the State of Texas and the United States and the laws, regulations, and statutes of the State of Texas and the United States.

## II.    AFFIRMATIVE DEFENSES

2.    Without waiving the foregoing, and for further answer, if any be necessary, Defendants, as set forth below, assert the following conjunctive and/or alternative defenses:

3.    Plaintiff's damages, if any, are the result of acts and/or omissions, fault, negligence, breach of contract, violation of statute, and/or breach of duty, by or of persons, entities, and/or parties over whom Defendants have no control and for whom Defendants have no legal responsibility.  Such acts and/or omissions were the sole cause, sole proximate cause, producing cause, or a new and independent intervening or superseding cause of the alleged injuries to Plaintiff.

4.    Plaintiff's damages, if any, are the result, in whole or in part, of Plaintiff's own fault, acts and/or omissions, negligence, breach of duty, violation of statute, and/or breach of contract or that of its agents or representatives or employees.

5.    Defendants are entitled to submit issues of proportionate fault and/or proportionate causation in accordance with the Texas Civil Practice & Remedies Code for the percentage of responsibility assigned to each by the trier of fact.

6.    Defendants are not in privity of contract with Plaintiff and deny that they breached any contract or violated any statutory or common law duty owed to Plaintiff.

7.    Defendants deny that they violated the Texas Insurance Code.

8.    Defendants did not engage in unfair settlement practices.

9.      Defendants plead the doctrine of comparative good faith and fair dealing as an equitable factor in adjudging the relative positions of the parties in this case.

10.     Defendants deny that they caused confusion or misunderstanding, that they made false or misleading statements that they misrepresented or failed to disclose any material information related to this matter, or that they engaged in any unconscionable course of conduct.

11.     Plaintiff failed to exercise reasonable care to avoid and mitigate the damages it seeks to recover herein, which damages Defendants dispute, and accordingly, Defendants are not liable for any damages that could and should have been avoided or mitigated.

12.     Plaintiff's claims and the damages it seeks are barred because Plaintiff has failed to comply with or satisfy conditions precedent.

13.     Plaintiff's extra-contractual claims are barred because its contract claims are barred.

14.     Defendants deny they committed fraud.  Defendants further deny they engaged in a conspiracy to commit fraud.

15.     In the event Plaintiff has any damages, which is expressly denied, Plaintiff has the burden of allocating between covered and uncovered perils and damages.

16.     Defendants deny that they owe Plaintiff the amounts claimed and, thus, any payment from Defendants to Plaintiff was and/or would constitute unjust enrichment.

17.     Defendants invoke their rights under the Due Process Clause and Equal Protective Clause of the Fourteenth Amendment of the United States Constitution and affirmatively pleads that Plaintiff's pleading for punitive damages and/or exemplary damages is violative of the Fourteenth Amendment.  Further, Defendants affirmatively plead that the assessment and award of punitive damages is violative of the Eighth Amendment of the United States Constitution as it is applied to the States through the Fourteenth Amendment of the United States Constitution, in

3

that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process. Accordingly, Defendants invoke their rights under the Eighth and Fourteenth Amendments and respectfully requests that this Court disallow any award of punitive and/or exemplary damages in as much as an award in this case would be violative of Defendants' constitutional rights. Defendants further invoke their rights under the Fifth Amendment, as applied through the Fourteenth Amendment to the United States Constitution, wherein it reads in part "No person shall be . . . deprived of . . . property without due process of law. . ."

18.     Defendants specifically plead that any award of punitive damages must be supported by clear and convincing evidence.

19.     Without waiving the foregoing and for further answer, if any be necessary, Defendants reserve the right to amend its answer to Plaintiff's allegations in accordance with the Texas Rules of Civil Procedure and/or other applicable law.

## III.     JURY DEMAND

20.     Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants hereby make a demand for a jury trial in this cause. A jury fee is being paid simultaneously with the filing of this demand.

## IV.     RULE 193.7 NOTICE

21.     Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants give actual notice to Plaintiff that any and all documents produced may be used against Plaintiff as the party producing the documents at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents. *See* Tex. R. Civ. P. 193.7.

4

## V.     **REQUEST FOR DISCLOSURES**

22.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff is requested to disclose to Defendants, within thirty days of service of this request, the information or material described in Rule 194.2(a)-(l). *See* Tex. R. Civ. P. 194.2.

## V.     **PRAYER**

Defendants prays that Plaintiff takes nothing by reason of this suit, that Defendants be released, discharged and found not liable to Plaintiff, that the parties pay their own costs, and for such other and further relief, both general and special, at law and in equity, to which Defendants are justly entitled.

Respectfully submitted,

SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP

By: */s/ Bruce R. Wilkin*
     Bruce R. Wilkin
     Texas Bar No. 24053549
     bwilkin@shackelford.law
     Tim Redden Jr.
     Texas Bar No. 24099654
     tredden@shackelford.law
     717 Texas Ave, 27th Floor
     Houston, Texas 77002
     Tel:  832-415-1801
     Fax:  832-415-1095

**ATTORNEYS FOR DEFENDANTS CUNNINGHAM LINDSEY U.S. LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. F/K/A CUNNINGHAM LINDSEY U.S. LLC, AND NATALIE SMITH**

## CERTIFICATE OF SERVICE

I certify that on the 27th day of September, 2019, a copy of the foregoing document was forwarded to all counsel listed below pursuant to the Texas Rules of Civil Procedure.

Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
maddocketefile@mostynlaw.com

***Counsel for Plaintiff***

/s/ *Bruce R. Wilkin*
Bruce Wilkin

Received and E-Filed for Rec
9/30/2019 10:47
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Vanessa Med

**CAUSE NO. 19-08-11439**

| | | |
|---|---|---|
| **DLM & T, INC. D/B/A CHILDREN'S** | § | **IN THE DISTRICT COURT** |
| **CHOICE MONTESSORI,** | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **GREAT AMERICAN INSURANCE** | § | |
| **COMPANY OF NEW YORK,** | § | |
| **CUNNINGHAM LINDSEY U.S. LLC,** | § | |
| **SEDGWICK CLAIMS MANAGEMENT** | § | |
| **SERVICES, INC. F/K/A/ CUNNINGHAM** | § | |
| **LINDSEY U.S. LLC, NICOLE NAPIER,** | § | |
| **NATALIE SMITH,** | § | |
| *Defendants* | § | **284th JUDICIAL DISTRICT** |

**DEFENDANT GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S**
**ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE**
**TEXAS INSURANCE CODE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Great American Insurance Company of New York (hereinafter "Great American"), and files this its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code (hereinafter the "Election") as follows:

**I.    RELEVANT BACKGROUND**

1.    Plaintiff, DLM & T, Inc. d/b/a Children's Choice Montessori ("Plaintiff"), filed claim number A00120866 with Great American.  The same claim was adjusted by one or more individuals at Great American's request, including Defendants, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith (collectively "Cunningham Lindsey").  For purposes of this Election, Cunningham Lindsey is considered Great American's "agent" under Texas Insurance Code section 542A.001, which defines the term "agent" as an "employee, agent, representative or adjuster who performs any act on behalf of [Great American]."  TEX. INS. CODE ANN. § 542A.001(1).

2.     On August 21, 2019, Plaintiff filed this action on the claim and named Great American, Cunningham Lindsey, and Great American's in house adjuster, Nicole Napier, as defendants.  The suit was served on Great American on August 29, 2019.  Plaintiff's counsel agreed to extend Great American's answer deadline until September 30, 2019.

## II.     ELECTION

3.     Under Section 542A.006(a) of the Texas Insurance Code, Great American hereby elects to accept legal responsibility for whatever liability Defendants, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith, might have to Plaintiff for their respective acts and/or omissions related to claim number A00120866 and by this pleading Plaintiff is provided written notice of Great American's Election.

## III.     DISMISSAL OF CUNNINGHAM LINDSEY WITH PREJUDICE

4.     Under Section 542A.006(c) of the Texas Insurance Code and based on Great American's Election, this Court "shall dismiss" this action against Defendants, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith, with prejudice.  Great American hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

## IV.     REQUEST FOR RELIEF

FOR THESE REASONS, Defendant, Great American Insurance Company of New York, prays that this Election be filed with the records of this cause and that Defendants, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith, be dismissed from this action with prejudice as mandated under Chapter

542A of the Texas Insurance Code, and for all other and further relief to which it may be justly entitled.

Respectfully submitted,

GAUNTT, KOEN, BINNEY & KIDD, LLP

By_____
     W. Chris Surber
     State Bar No. 24064052
     25700 I-45 North, Ste 150
     Spring, TX 77386
     Telephone:    281-367-6555
     Facsimile:    281-367-3705
     E-Mail: chris.surber@gkbklaw.com
     Counsel for Defendant,
     Great American Insurance Company of New York

## CERTIFICATE OF SERVICE

     This pleading was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on September 30, 2019

Mr. Michael A. Downey
Mostyn Law
3810 West Alabama Street
Houston, Texas 77027
Telephone: 713-714-0000
Facsimile: 713-714-1111
E-Mail: madowney@mostynlaw.com
*Attorneys for Plaintiff*

_____
W. Chris Surber

Received and E-Filed for Rec
9/30/2019 10:47 /
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Vanessa Med

## CAUSE NO. 19-08-11439

| | | |
|---|---|---|
| DLM & T, INC. D/B/A CHILDREN'S CHOICE MONTESSORI, *Plaintiff* | § § § § | **IN THE DISTRICT COURT** |
| V. | § § § | **MONTGOMERY COUNTY, TEXAS** |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, CUNNINGHAM LINDSEY U.S. LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. F/K/A/ CUNNINGHAM LINDSEY U.S. LLC, NICOLE NAPIER, NATALIE SMITH, *Defendants* | § § § § § § § § § | **284th JUDICIAL DISTRICT** |

## NOTICE OF SUBMISSION ON DEFENDANT GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE

Please take notice that Defendant Great American Insurance Company of New York's

Election of Legal Responsibility Under Section 542A.006 of The Texas Insurance Code, has

been set for submission on Friday, October 11, 2019 at 9:00 o'clock a.m.

Respectfully submitted,

GAUNTT, KOEN, BINNEY & KIDD, LLP

By_____
     W. Chris Surber
     State Bar No. 24064052
25700 I-45 North, Ste 150
Spring, TX 77386
Telephone:    281-367-6555
Facsimile:    281-367-3705
E-Mail: chris.surber@gkbklaw.com
Counsel for Defendant,
Great American Insurance Company of New York

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on September 30, 2019

Mr. Michael A. Downey
Mostyn Law
3810 West Alabama Street
Houston, Texas 77027
Telephone: 713-714-0000
Facsimile: 713-714-1111
E-Mail: madowney@mostynlaw.com
*Attorneys for Plaintiff*


_____
W. Chris Surber

Received and E-Filed for Rec
9/30/2019 1:12 [
Melisa Miller, District Cl
Montgomery County, Te;
Deputy Clerk, Vanessa Med

## CAUSE NO. 19-08-11439

| | | |
|---|---|---|
| DLM & T, INC. D/B/A CHILDREN'S CHOICE MONTESSORI, *Plaintiff* | § § § § | IN THE DISTRICT COURT |
| V. | § § | MONTGOMERY COUNTY, TEXAS |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, CUNNINGHAM LINDSEY U.S. LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. F/K/A/ CUNNINGHAM LINDSEY U.S. LLC, NICOLE NAPIER, NATALIE SMITH, *Defendants* | § § § § § § § § § | 284th JUDICIAL DISTRICT |

### DEFENDANT'S MOTION TO DISMISS CUNNINGHAM LINDSEY U.S. LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. F/K/A CUNNINGHAM LINDSEY U.S. LLC, AND NATALIE SMITH PURSUANT TO SECTION 542A.006 OF THE TEXAS INSURANCE CODE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Great American Insurance Company of New York ("Great American"), Defendant, and files this Motion to Dismiss Defendants, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith, Pursuant to Section 542A.006 of the Texas Insurance Code. In support thereof, Defendant would respectfully show unto the Court the following:

### FACTS

On August 21, 2019, Plaintiff filed suit against Great American and Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith, alleging claims for fraud, conspiracy to commit fraud, breach of contract, violations of the Texas Insurance Code, unfair insurance practices, and breach of good faith and fair dealing.

On September 27, 2019, Great American notified Plaintiff in writing of its election to accept any liability that may be opposed on Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith. *See* **Exhibit "A"**.

## MOTION TO DISMISS CUNNINGHAM LINDSEY U.S. LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. F/K/A CUNNINGHAM LINDSEY U.S. LLC, AND NATALIE SMITH

Chapter 542A of the Texas Insurance Code is applicable to this case. Chapter 542A applies to cases involving claims for breach of contract, fraud, negligence, misrepresentation, breach of common law duties, and actions involving Chapters 541 and 542 of the Texas Insurance Code. TEX. INS. CODE ANN. § 542A.002(a). These are the causes of action alleged by the Plaintiff against both Great American and Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith in this case. Accordingly, Chapter 542A applies to the case.

Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith must be dismissed from this cause of action with prejudice pursuant to Section 542A.006. An insurer may elect to accept "whatever liability an agent might have to the claimant," and does so by providing written notice to the claimant. § 542A.006(a). When the insurer makes such an election after the filing of suit, the court *must* dismiss the claims against the agent **with prejudice**. § 542A.006(c). Here, Plaintiff sued Great American and Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith on August 21, 2019. Great American made filed its election pursuant to Section 542A.006 thereafter, after filing its Original Answer (Exhibit "A"). Because Great American has made its written election in accordance with and pursuant to

the terms of Section 542A.006, Defendants, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith, must be dismissed from this cause with prejudice.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Great American Insurance Company of New York, respectfully prays that this court grant its Motion to Dismiss and dismiss with prejudice all claims filed by Plaintiff against Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith, and for such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

GAUNTT, KOEN, BINNEY & KIDD, LLP

By_____
     W. Chris Surber
     State Bar No. 24064052
25700 I-45 North, Ste 150
Spring, TX 77386
Telephone:   281-367-6555
Facsimile:   281-367-3705
E-Mail: chris.surber@gkbklaw.com
Counsel for Defendant,
Great American Insurance Company of New York

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on September 30, 2019

Mr. Michael A. Downey
Mostyn Law
3810 West Alabama Street
Houston, Texas 77027
Telephone: 713-714-0000
Facsimile: 713-714-1111
E-Mail: madowney@mostynlaw.com
*Attorneys for Plaintiff*

_____
W. Chris Surber

# EXHIBIT 'A'

Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Vanessa Med
9/30/2019 10:47 /

## CAUSE NO. 19-08-11439

| | | |
|---|---|---|
| **DLM & T, INC. D/B/A CHILDREN'S** | § | **IN THE DISTRICT COURT** |
| **CHOICE MONTESSORI,** | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **GREAT AMERICAN INSURANCE** | § | |
| **COMPANY OF NEW YORK,** | § | |
| **CUNNINGHAM LINDSEY U.S. LLC,** | § | |
| **SEDGWICK CLAIMS MANAGEMENT** | § | |
| **SERVICES, INC. F/K/A/ CUNNINGHAM** | § | |
| **LINDSEY U.S. LLC, NICOLE NAPIER,** | § | |
| **NATALIE SMITH,** | § | |
| *Defendants* | § | **284th JUDICIAL DISTRICT** |

## **DEFENDANT GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Great American Insurance Company of New York (hereinafter "Great American"), and files this its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code (hereinafter the "Election") as follows:

### I.    RELEVANT BACKGROUND

1.     Plaintiff, DLM & T, Inc. d/b/a Children's Choice Montessori ("Plaintiff"), filed claim number A00120866 with Great American.  The same claim was adjusted by one or more individuals at Great American's request, including Defendants, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith (collectively "Cunningham Lindsey").  For purposes of this Election, Cunningham Lindsey is considered Great American's "agent" under Texas Insurance Code section 542A.001, which defines the term "agent" as an "employee, agent, representative or adjuster who performs any act on behalf of [Great American]." TEX. INS. CODE ANN. § 542A.001(1).

2.      On August 21, 2019, Plaintiff filed this action on the claim and named Great American, Cunningham Lindsey, and Great American's in house adjuster, Nicole Napier, as defendants.  The suit was served on Great American on August 29, 2019.  Plaintiff's counsel agreed to extend Great American's answer deadline until September 30, 2019.

## II.      ELECTION

3.      Under Section 542A.006(a) of the Texas Insurance Code, Great American hereby elects to accept legal responsibility for whatever liability Defendants, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith, might have to Plaintiff for their respective acts and/or omissions related to claim number A00120866 and by this pleading Plaintiff is provided written notice of Great American's Election.

## III.      DISMISSAL OF CUNNINGHAM LINDSEY WITH PREJUDICE

4.      Under Section 542A.006(c) of the Texas Insurance Code and based on Great American's Election, this Court "shall dismiss" this action against Defendants, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith, with prejudice.  Great American hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

## IV.      REQUEST FOR RELIEF

FOR THESE REASONS, Defendant, Great American Insurance Company of New York, prays that this Election be filed with the records of this cause and that Defendants, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith, be dismissed from this action with prejudice as mandated under Chapter

542A of the Texas Insurance Code, and for all other and further relief to which it may be justly entitled.

Respectfully submitted,

GAUNTT, KOEN, BINNEY & KIDD, LLP

By_____
W. Chris Surber
State Bar No. 24064052
25700 I-45 North, Ste 150
Spring, TX 77386
Telephone:   281-367-6555
Facsimile:   281-367-3705
E-Mail: chris.surber@gkbklaw.com
Counsel for Defendant,
Great American Insurance Company of New York

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on September 30, 2019

Mr. Michael A. Downey
Mostyn Law
3810 West Alabama Street
Houston, Texas 77027
Telephone: 713-714-0000
Facsimile: 713-714-1111
E-Mail: madowney@mostynlaw.com
*Attorneys for Plaintiff*

_____
W. Chris Surber

9/30/2019 10:47 /
Melisa Miller, District Cl
Montgomery County, Te>
Deputy Clerk, Vanessa Med

## CAUSE NO. 19-08-11439

| | | |
|---|---|---|
| **DLM & T, INC. D/B/A CHILDREN'S CHOICE MONTESSORI,** *Plaintiff* | § § § § | **IN THE DISTRICT COURT** |
| **V.** | § § | **MONTGOMERY COUNTY, TEXAS** |
| **GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, CUNNINGHAM LINDSEY U.S. LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. F/K/A/ CUNNINGHAM LINDSEY U.S. LLC, NICOLE NAPIER, NATALIE SMITH,** *Defendants* | § § § § § § § § § § | **284th JUDICIAL DISTRICT** |

## <u>DEFENDANT GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE</u>

CAME ON TO BE CONSIDERED this __ day of October, 2019, the Defendant Great American Insurance Company of New York's Election of Legal Responsibility Under Section 542A.006 of The Texas Insurance Code, the Court finds that Defendant Great American Insurance Company of New York's Election of Legal Responsibility is with Merit

IT IS THEREFORE ORDERED, that Defendants, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith, are dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code.

Signed this ___ day of October, 2019.

_____
Presiding Judge

Received 912 E-Filed for Rec
9/30/2019 1:12
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Vanessa Med

CAUSE NO. 19-08-11439

| | | |
|---|---|---|
| DLM & T, INC. D/B/A CHILDREN'S | § | IN THE DISTRICT COURT |
| CHOICE MONTESSORI, | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| CUNNINGHAM LINDSEY U.S. LLC, | § | |
| SEDGWICK CLAIMS MANAGEMENT | § | |
| SERVICES, INC. F/K/A/ CUNNINGHAM | § | |
| LINDSEY U.S. LLC, NICOLE NAPIER, | § | |
| NATALIE SMITH, | § | |
| *Defendants* | § | 284th JUDICIAL DISTRICT |

### DEFENDANT GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S ORDER GRANTING MOTION TO DISMISS CUNNINGHAM LINDSEY U.S. LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. F/K/A CUNNINGHAM LINDSEY U.S. LLC, AND NATALIE SMITH

CAME ON TO BE CONSIDERED this __ day of October, 2019, the Defendant Great American Insurance Company of New York's Motion to Dismiss Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith. The Court finds that Defendants' motion is with Merit;

IT IS THEREFORE ORDERED, that Defendants, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith, are dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code. Because Great American has made its written election in accordance with and pursuant to the terms of Section 542A.006, Defendants, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith, and are dismissed from this cause with prejudice.

Signed this ____ day of October, 2019.


_____
Presiding Judge

Received and E-Filed for Rec
9/30/2019 1:12
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Vanessa Med

## CAUSE NO. 19-08-11439

| | | |
|---|---|---|
| DLM & T, INC. D/B/A CHILDREN'S CHOICE MONTESSORI, *Plaintiff* | § § § § | IN THE DISTRICT COURT |
| V. | § § | MONTGOMERY COUNTY, TEXAS |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, CUNNINGHAM LINDSEY U.S. LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. F/K/A/ CUNNINGHAM LINDSEY U.S. LLC, NICOLE NAPIER, NATALIE SMITH, *Defendants* | § § § § § § § § § § § | 284th JUDICIAL DISTRICT |

## NOTICE OF SUBMISSION ON DEFENDANT GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S MOTION TO DISMISS CUNNINGHAM LINDSEY U.S. LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. F/K/A CUNNINGHAM LINDSEY U.S. LLC, AND NATALIE SMITH PURSUANT TO SECTION 542A.006 OF THE TEXAS INSURANCE CODE

Please take notice that Defendant Great American Insurance Company of New York's Motion to Dismiss Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith Pursuant to Section 542A.006 of the Texas Insurance Code has been set for submission on Friday, October 11, 2019 at 9:00 o'clock a.m.

Respectfully submitted,

GAUNTT, KOEN, BINNEY & KIDD, LLP

By_____
      W. Chris Surber
      State Bar No. 24064052
25700 I-45 North, Ste 150
Spring, TX 77386
Telephone:   281-367-6555
Facsimile:   281-367-3705
E-Mail: chris.surber@gkbklaw.com
Counsel for Defendant,
Great American Insurance Company of New York

## <u>CERTIFICATE OF SERVICE</u>

This pleading was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on September 30, 2019

Mr. Michael A. Downey
Mostyn Law
3810 West Alabama Street
Houston, Texas 77027
Telephone: 713-714-0000
Facsimile:  713-714-1111
E-Mail:  madowney@mostynlaw.com
*Attorneys for Plaintiff*


_____
W. Chris Surber

CAUSE NO. 19-08-11439

| | | |
|---|---|---|
| DLM & T, INC. D/B/A CHILDREN'S CHOICE MONTESSORI, *Plaintiff* | § § § § | IN THE DISTRICT COURT |
| V. | § § § | MONTGOMERY COUNTY, TEXAS |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, CUNNINGHAM LINDSEY U.S. LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. F/K/A/ CUNNINGHAM LINDSEY U.S. LLC, NICOLE NAPIER, NATALIE SMITH, *Defendants* | § § § § § § § § § | 284th JUDICIAL DISTRICT |

## NOTICE OF APPEARANCE OF COUNSEL

Mark W. Schilling files this Notice of Appearance for Great American Insurance Company

of New York, Defendant in the above-styled and numbered cause.  W. Chris Surber will remain

lead counsel.

> Mark W. Schilling
> State Bar No. 24067181
> Gauntt Koen Binney & Kidd, LLP
> 25700 I-45 North, Suite 130
> Spring, TX  77386
> Telephone:     281-367-6555
> Facsimile:     281-367-3705
> Email: mark.schilling@gkbklaw.com

Respectfully submitted,

GAUNTT KOEN BINNEY & KIDD, LLP

By:  /s/ Mark W. Schilling
     W. Chris Surber
     State Bar No. 24064052
     Mark W. Schilling
     State Bar No. 24067181
25700 I-45 North, Suite 130
Spring, Texas 77386
Telephone:    281-367-6555
Facsimile:    281-367-3705
Email:     chris.surber@gkbklaw.com
      mark.schilling@gkbklaw.com
Counsel for Defendant,
Great American Insurance Company of New York

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on October 8, 2019

Mr. Michael A. Downey
Mostyn Law
3810 West Alabama Street
Houston, Texas 77027
Telephone: 713-714-0000
Facsimile:  713-714-1111
E-Mail:  madowney@mostynlaw.com
*Attorneys for Plaintiff*

/s/ Mark W. Schilling
Mark W. Schilling

Received and E-Filed for Rec
9/30/2019 10:47 /
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Vanessa Med

CAUSE NO. 19-08-11439

| | | |
|---|---|---|
| DLM & T, INC. D/B/A CHILDREN'S | § | IN THE DISTRICT COURT |
| CHOICE MONTESSORI, | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| CUNNINGHAM LINDSEY U.S. LLC, | § | |
| SEDGWICK CLAIMS MANAGEMENT | § | |
| SERVICES, INC. F/K/A/ CUNNINGHAM | § | |
| LINDSEY U.S. LLC, NICOLE NAPIER, | § | |
| NATALIE SMITH, | § | |
| *Defendants* | § | 284th JUDICIAL DISTRICT |

## DEFENDANT GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE

CAME ON TO BE CONSIDERED this 13th day of October, 2019, the Defendant Great

American Insurance Company of New York's Election of Legal Responsibility Under Section

542A.006 of The Texas Insurance Code, the Court finds that Defendant Great American Insurance

Company of New York's Election of Legal Responsibility is with Merit

IT IS THEREFORE ORDERED, that Defendants, Cunningham Lindsey U.S. LLC,

Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie

Smith, are dismissed from this action with prejudice as mandated under Chapter 542A of the Texas

Insurance Code.

10/13/2019 4:46:37 PM

Signed this ____ day of October, 2019.

_____
Presiding Judge

Minute
15th of October, 2019

CAUSE NO. 19-08-11439

| | | |
|---|---|---|
| DLM & T, INC. D/B/A CHILDREN'S | § | IN THE DISTRICT COURT |
| CHOICE MONTESSORI, | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| CUNNINGHAM LINDSEY U.S. LLC, | § | |
| SEDGWICK CLAIMS MANAGEMENT | § | |
| SERVICES, INC. F/K/A/ CUNNINGHAM | § | |
| LINDSEY U.S. LLC, NICOLE NAPIER, | § | |
| NATALIE SMITH, | § | |
| *Defendants* | § | 284th JUDICIAL DISTRICT |

## DEFENDANT GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE

CAME ON TO BE CONSIDERED this 13th day of October, 2019, the Defendant Great American Insurance Company of New York's Election of Legal Responsibility Under Section 542A.006 of The Texas Insurance Code, the Court finds that Defendant Great American Insurance Company of New York's Election of Legal Responsibility is with Merit

IT IS THEREFORE ORDERED, that Defendants, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith, are dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code.

10/13/2019 4:46:37 PM

Signed this ____ day of October, 2019.

_____
Presiding Judge

Minute
15th of October, 2019

Received and E-Filed for Rec
9/30/2019 10:47 .
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Vanessa Med

## CAUSE NO. 19-08-11439

| | | |
|---|---|---|
| **DLM & T, INC. D/B/A CHILDREN'S** | § | **IN THE DISTRICT COURT** |
| **CHOICE MONTESSORI,** | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **GREAT AMERICAN INSURANCE** | § | |
| **COMPANY OF NEW YORK,** | § | |
| **CUNNINGHAM LINDSEY U.S. LLC,** | § | |
| **SEDGWICK CLAIMS MANAGEMENT** | § | |
| **SERVICES, INC. F/K/A/ CUNNINGHAM** | § | |
| **LINDSEY U.S. LLC, NICOLE NAPIER,** | § | |
| **NATALIE SMITH,** | § | |
| *Defendants* | § | **284th JUDICIAL DISTRICT** |

## DEFENDANT GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE

CAME ON TO BE CONSIDERED this 13th day of October, 2019, the Defendant Great American Insurance Company of New York's Election of Legal Responsibility Under Section 542A.006 of The Texas Insurance Code, the Court finds that Defendant Great American Insurance Company of New York's Election of Legal Responsibility is with Merit

IT IS THEREFORE ORDERED, that Defendants, Cunningham Lindsey U.S. LLC, Sedgwick Claims Management Services, Inc. f/k/a Cunningham Lindsey U.S. LLC, and Natalie Smith, are dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code.

10/13/2019 4:48:37 PM

Signed this ____ day of October, 2019.

_____
Presiding Judge

Minute
15th of October, 2019